IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. FRANKLIN, #180393, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-894-WHA |
| | ) (WO) |
| HENDERSON, BLACK & GREEN, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

James L. Franklin, a state inmate, filed this civil action alleging wrongful termination of his employment by the defendant. Doc. 1 at 2–3. Franklin did not submit the $350 filing fee or $50 administrative fee upon the initiation of this case and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Franklin provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the same period of time. Doc. 2 at 3.

After a thorough review of the financial information provided by Franklin and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Franklin owed an initial partial filing fee of $23.87. Doc. 3 at 1–2. Based on the foregoing, the court initially ordered that Franklin pay the initial partial filing fee on or before December 10, 2019. Doc. 3 at 2. In addition, this order specifically informed Franklin "**that it is his responsibility to submit the appropriate paperwork to the prison**

**account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." Doc. 3 at 2 (emphasis in original). The order also "advised [Franklin] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3. Moreover, the order specifically cautioned Franklin that failure to pay the requisite fee within the time set by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 3. On two separate occasions, the court granted Franklin extensions of time to pay the initial partial filing fee, the latter of which required such payment by February 18, 2020. *See* Doc. 5 & Doc. 6.

As of the present date, Franklin has failed to pay the initial partial filing fee within the time prescribed by the court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed

[upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

On or before **September 28, 2020** the plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of September, 2020.

                    /s/   Charles S. Coody
                    UNITED STATES MAGISTRATE JUDGE